Filed 10/16/15  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CASIMIRO SANCHEZ<br><br>    Defendant and Appellant. | H042011<br>(Santa Clara County<br>Super. Ct. No. C1493583) |

Pursuant to a negotiated disposition, Casimiro Sanchez pleaded no contest to one felony count of battery (Pen. Code, §§ 242-243, subd. (d))[1].  In exchange for his no contest plea, Sanchez was promised three years formal probation and that he would receive credit for time served on any county jail sentence

On February 13, 2015, on motion of the People, the court reduced the felony battery offense to a misdemeanor.  The court suspended imposition of sentence and placed Sanchez on three years formal probation; the court ordered that he serve 161 days in county jail, which the court deemed served.  The court imposed various fines, fees, and assessments and granted the People's motion to dismiss several other charges.  The court ordered that Sanchez have only peaceful contact with the victim and that he perform 20 hours of community service.

On February 24, 2015, Sanchez filed a notice of appeal based on the sentence or other matters occurring after the plea.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Sanchez's appointed counsel has filed an opening brief in which no issues are raised. Counsel asks this court to conduct an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436. Counsel has declared that Sanchez was notified that no issues were being raised by counsel on appeal, and that he could file a supplemental brief with this court.

On July 9, 2015, by letter, we notified Sanchez of his right to submit written argument on his own behalf within 30 days. That time has passed and we have not received a response from Sanchez.

*Facts*[2]

On September 23, 2014, Sanchez and his wife began arguing because he was sending money to his family in Mexico rather than paying his portion of the bills at home.[3] Sanchez pushed his wife out of the way, and then pushed her into the living room and onto the couch. Sanchez held down his wife by the neck and used force to push her face into the crevice between the cushions. Sanchez "mounted her" making it difficult for her to breathe. Sanchez's wife had a pacemaker and had had back surgery so she could not free herself. While holding down his wife, Sanchez told her, "Now you are going to die. This is your last moment." Sanchez's wife told officers that she was held down for approximately 30 seconds and that during that time, Sanchez twisted her hands behind her back and bent her fingers backward, which caused her a lot of pain. An officer saw that Sanchez's wife had a swollen right middle knuckle and she complained of pain to the back of her head and neck area.

Based on the foregoing, the Santa Clara County District Attorney filed a felony complaint on September 26, 2014. Initially, Sanchez was charged with one felony count of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4), count 1),

---

[2] The facts are taken from the probation officer's report.
[3] At the time, Sanchez and his wife had been married for more than five years, but had no children in common.

one felony count of threats to commit a crime resulting in death or great bodily injury (§ 422, count 2), and one felony count of inflicting corporal injury on a spouse (§ 273.5, subd. (a), count 3).  However, on December 12, 2014, in court, at the time set for the preliminary hearing, the People amended the complaint to add a count 4—battery or offensive touching in violation of sections 242-243, subdivision (d)—as a felony.

Before Sanchez entered his no contest plea to count 4, he initialed and signed an advisement of rights and waiver form in which he acknowledged that he understood his constitutional rights, which he then waived; the charges against him; and the consequences of his plea.  Before the court took Sanchez's no contest plea to count 4, the court confirmed with Sanchez that he had reviewed the information in the waiver form and understood the contents, and that it was his initials and signature on the form.  Counsel stipulated to a factual basis for the plea.

Upon our independent review of the record, we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.  Further, the fines and fees imposed are supported by the law and the facts.  Sanchez received a legally authorized sentence that was within the terms of the plea agreement.

*Disposition*

The judgment is affirmed.

3

_____

ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

MIHARA, J.